Argued and submitted May 13, affirmed in trial court case no. 86-07-30661, reversed and remanded for further proceedings in trial court case no. 86-07-30662 July 27, 1988

SMASME,
*Appellant,*

*v.*

NASH et al,
*Respondents.*

SMASME,
*Appellant,*

*v.*

NASH,
*Respondent.*

(86-07-30661, 86-07-30662; CA A45961)

757 P2d 1370

Richard L. Stradley, Hillsboro, argued the cause and filed the brief for appellant.

Bruce C. Hamlin, Portland, argued the cause for respondents. With him on the brief was Spears, Lubersky, Bledsoe, Anderson, Young & Hilliard, Portland.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Deits, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff in these consolidated cases is a trustee of the J.A. Shadwick Family Trust and of the J.A. Shadwick Business Trust.[1] The trusts sought, *inter alia,* to have defendants ejected from property to which the trusts had held title and which defendant Nash[2] purchased at an Internal Revenue Service sale. The sale resulted from tax delinquencies of the Shadwicks which the IRS concluded were chargeable against the trusts. Defendants counterclaimed, *inter alia,* to quiet title. The trial court ruled for defendants, and plaintiff appeals. We affirm as to the family trust and reverse and remand as to the business trust.

The problem which necessitates reversal in the latter action is that the IRS quitclaim deed to Nash purports to convey the *family* trust's interest in the property located at 607 Adams Avenue in La Grande. The family trust had no interest in that property, and the business trust was its record owner at the time of the sale and of the IRS conveyance. Accordingly, as a matter of state law, Nash obtained no title to that property for the court to quiet. We expressly reject, without discussion, all of plaintiff's other arguments in connection with both appeals.

Our holding does not necessarily mean that, on remand, the business trust is entitled to ejectment or any other relief. The trial court may exercise appropriate equitable powers, and it also has the authority to allow an amendment of the answer to add a counterclaim for reformation of the IRS deed.

Affirmed in trial court case no. 86-07-30661; reversed and remanded for further proceedings not inconsistent with this opinion in trial court case no. 86-07-30662.

---

[1] In the balance of this opinion, where differentiation is necessary, we will identify each action by the name of the trust for which it was brought.

[2] Defendant Lawson was the vendee of Nash's interest in certain property which is involved in the family trust's action.